Gorman & Thompson, for the Demurrer.
Theodore Horstman, for the Plaintiff.

---

(Hamilton Couunty, Common Pleas Court.)
February, 1896.

## WOLF v CINCINNATI EDISON EL. CO.

Damages for depreciated market value of property due to a nuisance arising from the operation of defendant's plant, are prospective, and can only be allowed justly and logically in actions in their nature for permanent injury.

---

BUCHWALTER, J.

The defendant moves for a new trial and to set aside the general verdict for $10,105. and so much thereof as found by special verdict, viz., $7,500 to represent the depreciation of the market value of plaintiff's property by reaosn of the injury caused by the operation of the defendant's plant.

The special verdicts fix also the damages to the rental uses, and by discomfort to plaintiff in the occupancy of a part of the property. And also find no actual injury to the structure or improvements upon plaintiff's lot.

The court finds no reason to disturb any of the special verdicts, nor the general verdict except as to so much as represents the depreciation of the market value of the premises represented by $7,500. There is no doubt that plaintiff has suffered loss in depreciation of the saleable quality of her property, as well as of the rents and the use and occupancy. But is she entitled to a recovery therefore in this action? There is no legal damage caused by the construction of the plant, but there is by the operation, especially by the noise and vibration. The plaintiff's pleadings in (connection with the written agreement on file as to the scope of the trial), do not clearly state whether she asks recovery for a permanent or continuous nuisance, or whether her damage is to be determined by the one or by various actions.

There is authority for the recovery of depreciated market value as damages where the right of action is continuous, and the remedy is sought in succeeding suits at law; but the weight of authority limits recovery therefor wherein the nuisance is in its nature permanent, and the whole damage is sought to be recovered in one action. There is a line of respectable authority also which permits a recoevry for depreciation of the market value, where the nuisance is not clearly of a permanent nature, but is so pleaded and treated on the trial, thus making final estimate of all damages in the one action. Depreciation of macket value is dependent upon the future prospective conditions reasonably surrounding the property. The price it would bring at a sale would be affected by the knowledge that the nuisance was either to abate at once, or continue in the fu ure. Damage for such depreciation therefore is prospective, and can only be allowed justly and logically in actions in their natrre for permanent injury.

The court, therefore will exclude the $7,500 given in the special verdict for depreciated market value, unless the plaintiff specifically pleads so a to cover the proof given on that issue, and elects to waive all claim for future damages in other actions arising from injuries to her property by the same kind and degree of nuisance; but if she so amends her petition, and waives claim to such future damages, then her judgment will be for the total damages in this action, to-wit for $10,105.

John S. Conner, and R. Tyler, for plaintiff.

Foraker & Prior, for defendant.